ANNA D. SHEEHY and Another, Plaintiffs, *v.* TOWN OF HAMBURG and Others, Defendants.*

Supreme Court, Erie County, December 18, 1928.

*Henry Adsit Bull*, for the motion.

*Bull & Hammond* [*Clark H. Hammond* of counsel], opposed.

* See, also, 134 Misc. 762.

NOONAN, J. This·is a motion for an additional allowance to the attorney for the plaintiffs in the above-entitled action, under the provisions of sections 1513 and 1514 of the Civil Practice Act.

In the latter part of 1927 the residents in the real estate subdivision known as Mount Vernon, in the town of Hamburg, instituted proceedings to establish a sewer district for said subdivision, and sewer commissioners were appointed, who voted to award a contract to Moore-Thomas, Inc., for the construction of the sewage disposal plant, at a cost of $86,678, and to Liberto & Cerullo, Inc., for the construction of sewers, at the cost of $211,627.12, and with George Frieh and Victoria Frieh, his wife, for the purchase of certain real property as a site for the sewage disposal plant, for the sum of $51,000.

Before any work could be done under either of the above-mentioned contracts, or the contract for the purchase of the real estate carried through, the plaintiffs brought this action in their own behalf and on behalf of the taxpayers living in the Mount Vernon sewer district, to enjoin said sewer commissioners from carrying out any of the above contracts. Upon the trial of the action the only parties who appeared and defended were the Friehs and the sewer commissioners. The trial·itself was a very short one, and, after considering the evidence presented, the court reached the conclusion that at least two of the sewer commissioners, Eckley and Nitrauer, who signed the contracts, were disqualified because they were not freeholders in the Mount Vernon sewer district, and consequently were not qualified to act, and had no power to enter into the aforesaid contracts, and granted the plaintiffs the relief that they had asked for in their complaint, with costs against the Mount Vernon sewer district only.

The sole question is whether or not the action was of such a " difficult and extraordinary " character as to warrant an extra allowance to the attorney for the plaintiffs. There has been a tendency to construe this statute rather strictly, and it is sometimes not easy to decide whether or not a given case comes within its provisions. In the instant case the plaintiffs were acting, not only for their own benefit, but for the benefit of all the property owners in the sewer district. If the decision of the court in the matter is the correct one, it would hardly seem fair to compel them to bear the burden of all the expense of the litigation, when they were to share only a small portion of the benefits resulting therefrom. The action was at least " difficult and extraordinary " in the sense that it required a very large amount of investigation and preparation, in order that the attorney for the plaintiffs might be sure of his position when the trial took place. The fact that the trial turned

out to be a very short one is not, in and of itself, a sufficient reason for refusing an extra allowance. It was the duty of the counsel for the plaintiffs to prepare himself for all emergencies. He had no means of anticipating what would happen at the trial. Contracts involving nearly $350,000 were involved in the litigation, and so far plaintiffs have been successful.

In view of the fact that the plaintiffs were acting much more for the benefit of the others than themselves, and that it required a great amount of work to properly prepare for the trial of the action, I am of the opinion that this is a proper case for the awarding of an extra allowance, under the aforesaid provisions of the Civil Practice Act, and, in view of the work done and the amounts involved, I think that an extra allowance of $2,000, the limit permitted by statute, is not unreasonable, and an order making such an allowance may be made and entered.